1

2

3

4

5

6

7

8

9                          IN THE UNITED STATES DISTRICT COURT

10                        FOR THE EASTERN DISTRICT OF CALIFORNIA

11    LARRY ROBINSON,

12                    Petitioner,                    No. CIV S-10-1410 KJM P

13            vs.

14    LARRY SMALL,

15                    Respondent.                    ORDER

16    _____/

17            Petitioner is a state prisoner proceeding pro se with an application for writ of

18    habeas corpus under 28 U.S.C. § 2254, together with an application to proceed in forma pauperis

19    and a motion asking the court to stay this case and hold his claims in abeyance pending

20    exhaustion of three of the eight claims presented in the petition.

21            Examination of the in forma pauperis application reveals that petitioner is unable

22    to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

23    granted.  See 28 U.S.C. § 1915(a).[1]

24    _____

25            [1] The court issued an order on June 16, 2010, instructing petitioner to submit an
      application to proceed in forma pauperis or pay the appropriate filing fee.  That same day, the
      court received a complete application from petitioner.  See Docket Nos. 4 and 5.  Since then,
26    petitioner has filed another motion to proceed in forma pauperis, three extensions to file more

A district court has discretion to "stay and abey" a "mixed" habeas petition containing exhausted and unexhausted claims. <u>Rhines v. Weber</u>, 544 U.S. 269, 276-77 (2005). The stay allows petitioners to "return[] to state court to exhaust their previously unexhausted claims [and] come back to federal court to present their perfected petitions...." <u>Id.</u> at 274.  Stay and abeyance is appropriate only where there is good cause for petitioner's failure to exhaust all his claims in the first instance, where the claims are not plainly meritless, and there is no indication that the petitioner engaged in intentionally dilatory tactics. <u>Id.</u> at 277-78.  Here, the court finds all three conditions are present.  The motion will be granted, and petitioner will notify the court of the outcome of his state court proceedings no later than thirty days after his currently unexhausted claims have been exhausted.[2]

Petitioner's motion for a stay also asks the court to "provide that once he has exhausted the three claims in state court, petitioner can file a second amended petition in this action that includes the newly-exhausted claims, which will then be exhausted and fully briefed." Motion at 11.  This requested relief is not necessary: the original petition already presents the three unexhausted claims, petitioner has not filed an amended petition, and the court has not ordered respondent to answer or otherwise respond to the original pleading.  Therefore, Federal Rule of Civil of Procedure 15(a)(1), which allows for the amendment of pleadings "as a matter of course" in certain circumstances, applies.[3]  That part of his request is moot.

---

applications and one motion to compel prison officials to certify an application.  None of these filings is necessary in light of the initial, complete application received June 16.  Therefore they will be denied as moot.

[2] In so ruling, the court implies no opinion or finding as to the procedural or substantive viability of the claims that petitioner asserts were already exhausted when he filed this action. The court will screen the petition pursuant to 28 U.S.C. § 1915A(a) after it receives notice from petitioner that the exhaustion process is complete.

[3] Petitioner is advised that if he chooses to file an amended pleading while Rule 15(a)(1) is still applicable, the court cannot refer to a prior pleading in order to make plaintiff's amended petition complete.  Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once a petitioner

Accordingly, IT IS HEREBY ORDERED that:

1.   The motion to proceed in forma pauperis (Docket No. 5) is granted.

2.   Petitioner's additional motions to proceed in forma pauperis (Docket No. 8), for extensions of time in which to file additional in forma pauperis applications (Docket Nos. 10, 12 and 13) and to compel CDCR to certify his application (Docket No. 11) are denied as moot.

3.   The motion to stay proceedings pending exhaustion of state court remedies (Docket No. 7) is granted.  Insofar as petitioner seeks leave to file an amended petition at a later date, that request is denied as moot.

4.   Petitioner shall notify the court of the outcome of his proceedings in state court no later than thirty days after his currently unexhausted claims have been exhausted.

DATED:  September 23, 2010.

_____
U.S. MAGISTRATE JUDGE

4
robi1410.stay

files an amended petition, the original petition no longer serves any function in the case. Therefore, in an amended petition, as in an original petition, each claim must be sufficiently alleged.

3